Utah Orpheum Co., Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 18209. Promulgated February 28, 1927.

The forwarding of a notice of deficiency to an address which
is not the address of the taxpayer does not constitute mailing
within the meaning of the Revenue Act of 1926. In the instant
case a notice was forwarded to an incorrect address, and there-
after, on its return undelivered, it was mailed to the taxpayer's
correct address. The appeal lies from the letter which was prop-
erly mailed.

*Jacob Mertens, Jr., Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

Motion by the respondent to dismiss the proceeding for lack of
jurisdiction in the Board.

### FINDINGS OF FACT.

On April 6, 1926, the Commissioner delivered to the postal au-
thorities for forwarding, by registered mail, an envelope containing
a statutory deficiency notice contemplated by the Revenue Act of
1926. The said deficiency notice was dated April 6, 1926, and con-
tained the following superscription:

> Utah Orpheum Company,
> c/o Orpheum Circuit, Inc.,
> Salt Lake City, Utah.

The envelope in which this notice was mailed was what is com-
monly known as a " window envelope," and the superscription of
the enclosed letter was legible through a transparent panel in the
envelope—so that the address appearing on the face of the envelope
was that contained in the superscription on the enclosed notice. The
packet was unclaimed in Salt Lake City, Utah, and on April 14,
1926, was returned to the sender with the stamp, appearing on the
face of the envelope, as follows: " Unclaimed [one word illegible]
Salt Lake City, Utah. April 15, 1926." The envelope also con-
tained the further endorsements " No response to notices sent " and
" Not found, 4–10–26 " and " Dissolved and out of business—
[illegible figure] 4–12–26." The packet was received back in the
Bureau of Internal Revenue on April 20, 1926.

Thereafter, on or about May 7, 1926, the Commissioner partially
erased the date, "April 6, 1926," theretofore appearing on the notice,
and in lieu thereof, and just underneath the former date, stamped
thereon the date " May 7, 1926." Similarly, the Commissioner, by
partial erasure and retyping, changed the superscription of the no-

tices so that instead of reading " Salt Lake City, Utah," it was made to read " Salt Lake Building, Chicago, Illinois." When the date and superscription of the notice had been thus changed, the notice was forwarded by registered mail to the address last given—in Chicago, Ill. It was so mailed on May 7, 1926. On July 3, 1926, the petitioner filed with the Board its petition on appeal.

The address to which the notice was mailed on May 7, 1926, was the correct mailing address of the petitioner, while the address to which the notice was mailed on April 6, 1926, was not the correct address of the petitioner. In each instance the notice was contained in an official envelope requiring no payment of postage.

The respondent, on December 20, 1926, after extension of time had been duly granted, filed a motion to dismiss the proceeding on the ground that the statutory notice of deficiency was mailed to the petitioner on April 6, 1926, and that the petition on appeal, being filed on July 3, 1926, was so filed more than sixty days thereafter and that the Board is without jurisdiction in the premises.

OPINION.

KORNER, *Chairman:* The facts here are quite similar to those in *Walter G. Morgan*, 5 B. T. A. 1035. That case was decided with relation to the Revenue Act of 1924, but it will be noted that, in so far as respects the matter of mailing of notices of deficiencies, the provisions contained in section 274 (a) of the Revenue Act of 1926 are not materialy different from those contained in the corresponding section of the Revenue Act of 1924. That section in the later Act provides:

If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals. * * *.

Here the issue turns on whether the notice of deficiency was mailed, within the meaning of the statute, on April 6, 1926, or on May 7, 1926. The question of mailing is a mixed question of law and fact. The authorities seem to be clear that three elements are necessary to constitute mailing: (1) That the matter sought to be mailed be duly deposited with the postal authorities; (2) that it bear proper postage or be free of postage; and (3) that it be properly addressed to the person for whom it is intended. In the instant case only the third element is involved. There may be cases in which difficulty is experienced in determining whether the matter sought to be mailed is properly addressed. Many facts and circumstances may have to be considered, and doubts resolved, for a correct determination in such a case. But in a case wherein it is shown that the

matter was not properly addressed, a mailing was not accomplished. In our opinion, the instant case presents such a situation. Evidence was introduced to show that a document had been filed with the Commissioner by a representative of the taxpayer which might have led the Commissioner to believe that the address of the taxpayer was in Salt Lake City, Utah. There is considerable doubt that it would have had that effect, but the evidence is rendered of even less probative value when it is noted that the document in question was filed with the Commissioner at a date subsequent to the filing of the petition with the Board. An amended return with protest attached was introduced in evidence. It appears to have been filed by the taxpayer, although it is unsigned. However, it is conceded to be the amended return of the taxpayer. On the front page of this, in the block prepared for the name and addess of the taxpayer, there appears the following:

Utah Orpheum Theatre (San Francisco, Cal.)

** 418 State Lake Building,

Chicago, Illinois.

** Address of parent company

The foregoing was typewritten with the exception of the words "San Francisco, Cal.," contained in parentheses, which were hand written in ink. This amended return was filed with and received by the collector of internal revenue, first district of California, on April 3, 1924. It appears to have been received in the Consolidated Returns Division of the Bureau of Internal Revenue on April 29, 1926. This date was subsequent to the date first appearing on the deficiency notice, but prior to the date thereafter placed on it. We do not know whether this amended return was in the office of the collector or the office of the Commissioner between April 3, 1924, and April 29, 1926. At any rate, it can not tend to prove that Salt Lake City, Utah, was the proper address of the taxpayer. At best, it would show the correct address to be either San Francisco, Calif., or Chicago, Ill. The original return of the taxpayer was not placed in evidence because the parties were unable to locate it. There is no evidence in this record showing that Salt Lake City, Utah, was the correct address of the taxpayer, or that the Commissioner had any reason to believe that it was.

Under these circumstances, we are of opinion that the deficiency notice of April 6, 1926, was not mailed to the taxpayer (as we interpret the word "mailing") pursuant to the provisions of the statute. The letter of May 7, 1926, *was* mailed to the taxpayer. Accordingly, we hold that the petitioner's appeal was correctly brought from the notice of May 7, 1926, and, as such, was timely filed.

> *The motion of the respondent to dismiss is denied and he will be allowed 60 days from date hereof to answer.*