Miles S. **FIRNHABER**, Plaintiff,

v.

**Emil J. NELSON and The United States of America, Defendants.**

No. 61–C–169.

United States District Court
E. D. Wisconsin.

Oct. 30, 1962.

John S. Best and Frank J. Pelisek of Michael, Best & Friedrich, Milwaukee, Wis., for plaintiff.

John W. Adler, Jr., John F. Beggan, Attys., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., William J. Mulligan, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

GRUBB, District Judge.

Plaintiff, Miles S. Firnhaber, seeks to permanently enjoin defendants, Emil J. Nelson, District Director of the Internal Revenue Service, Milwaukee, Wisconsin, and the United States of America, from attempting the collection of federal income tax deficiencies assessed for plaintiff's taxable year ending December 31, 1956. Jurisdiction is based on § 1340 of Title 28 U.S.C.A. and § 7421 of Title 26 U.S.C.A.

Plaintiff contends that collection of the deficiency assessed for the year 1956 is barred because defendants failed to mail timely notice thereof to plaintiff at his last known address as required by § 6212(b) of the Internal Revenue Code of 1954, Title 26 U.S.C.A.

Notice of deficiency was sent to plaintiff by certified mail on December 19, 1960, addressed as follows:

"Mr. Miles S. Firnhaber
"Glen Cove
"Pewaukee, Wisconsin."

The rural mail carrier attempted delivery on December 20, 1960, one day after date of mailing of the notice. A person at plaintiff's residence refused to sign for the certified mail. The carrier marked the envelope containing the notice "Refused" and "12–20–60" and left a notice of attempted delivery at plaintiff's residence on that date. Another official at the Pewaukee post office was subsequently informed that plaintiff was out

of town and marked the envelope "Hold until called fo (sic) out of Town." Two further notices of the certified mail were left at plaintiff's mail box, the final one being given on January 6, 1961. The letter was never picked up and was returned to the sender on January 10, 1961.

The time for assessment of the deficiency in question, which had been extended by waiver, expired on December 31, 1960. No further statutory notice in respect to the deficiency in question was sent to plaintiff prior to December 31, 1960.

Plaintiff has resided at the same Glen Cove, Pewaukee, Wisconsin, home since prior to 1955. Glen Cove is a subdivision in a rural area which has had a large influx of population in recent years. Mail delivery is by rural route carrier, operating out of the Pewaukee, Wisconsin, post office, to a mail box located along the road adjacent to plaintiff's property. Plaintiff's address as indicated on the income tax return for 1956 is "Glen Cove, Pewaukee, Wisconsin." Two Form 872 waivers relating to plaintiff's taxable year 1956, executed by Mr. Firnhaber on April 6, 1960 and August 25, 1960, respectively, again show plaintiff's address as "Glen Cove, Pewaukee, Wisconsin."

On December 15, 1960, in a letter transmitting payment of the final quarter of estimated tax due for the year 1960, plaintiff wrote to the Internal Revenue Service at Milwaukee, Wisconsin, as follows:

"I note on the envelope which contained this last quarter's tax invoice that it was misdirected because of incomplete address. In the future, if you have any correspondence that you wish addressed to Helen L. Firnhaber or Miles Firnhaber at our residence, please use Route # 3, Pewaukee, Wisconsin. There has been a large influx of population lately and without the rural route the mail in the future will not be delivered."

The invoice billing stub relating to the quarterly payment transmitted by the letter of December 15, 1960, presumably returned with the payment, shows plaintiff's address as Route 3, Glen Cove, Pewaukee, Wisconsin, and indicates a due date of January 15, 1961. The envelope to which plaintiff referred in his letter and the original of said letter were not available on the trial.

The chief of the Collection Division of the Milwaukee office of the Internal Revenue Service testified that the check transmitted with the letter of December 15, 1960, was deposited on December 21, 1960. He further testified that billings for quarterly installments are sent in window envelopes and that the address as shown on the billing stub would have appeared in the window.

An envelope containing a Form 17–A Statement of Tax Due dated April 21, 1961, addressed to Miles S. Firnhaber, Glen Cove, Pewaukee, Wisconsin, bears the following stamp imprint:

"Delayed because of incomplete address. Advise correspondents and publishers to address your mail to street and number."

█ The court finds that under the circumstances of this case, the statutory deficiency notice of December 19, 1960, was sent to plaintiff's last known address as required by § 6212 of Title 26 U.S. C.A., Notice of deficiency.

There was uncontradicted evidence that the post office attempted delivery of the notice one day after mailing thereof during the middle of the Christmas rush when mail volume was heavy, and further took all customary steps of attempted notification and delivery. There was no evidence explaining plaintiff's refusal to accept delivery of the notice or to indicate that failure of delivery was due to or related to an incompletely addressed notice.

It was not shown when the designation of Route # 3 was assigned as a proper address description for purposes of mail delivery to the Glen Cove area and would have become a necessary component of

plaintiff's address.[1] Plaintiff did not use Route # 3 as part of his stated address on his 1956 income tax return. In 1960, the Collection Division of the Internal Revenue Service used this designation in addressing the billings for plaintiff's 1960 estimated tax payments. Also in 1960, the Review Division, which prepared the deficiency notice relating to the year 1956, did not use this designation. In 1961, the Internal Revenue Service again failed to use the Route # 3 designation in mailing the Form 17–A Statement of Tax Due dated April 21, 1961, which related to the 1956 income tax deficiency.

Further, in April and August of 1960, plaintiff did not call attention to the omission of the Route # 3 designation in respect to his address as shown on the waiver forms executed by him relating to the 1956 deficiency determination.

The post office stamp, as shown on the Form 17–A Statement of Tax Due envelope sent to plaintiff in April 1961, indicates that delay might result because of incomplete address where the route number is omitted—not that the mail becomes undeliverable as plaintiff informed the Internal Revenue Service by his letter of December 15, 1960.

The deficiency assessment notice relating to the year 1956 was prepared prior to December 14, 1960, processed further, and mailed on December 19, 1960. Plaintiff has not shown that the files of the divisions of the Internal Revenue Service responsible for preparing and giving notice of the deficiency reflected any information that "Glen Cove, Pewaukee, Wisconsin," was not in fact plaintiff's proper and sufficient address at the time of giving notice. This was the address as shown on the return for the year 1956, as well as that indicated on the waivers in respect to the deficiency assessment executed as late as August 1960.

The question is then presented whether or not the use of the Route # 3 designation by the Collection Division of the Internal Revenue Service, at least for the year 1960, and plaintiff's letter of December 15, 1960, advising the Service of the necessity of using the additional description, should have apprised the Review Division that Glen Cove, Pewaukee, Wisconsin, was not plaintiff's last known address.

This is not a situation involving an erroneous address or addressee, likely to cause confusion as to identity and uncertainty of delivery, such as was presented in Heaberlin, 34 T.C. 58 (1960); D'Andrea v. Commissioner of Internal Revenue, 105 U.S.App.D.C. 67, 263 F.2d 904 (1959); and Utah Orpheum Co., 6 B.T.A. 343 (1927).

Here, the post office, in an area showing a population increase, assigned a descriptive designation to be added to the formerly sufficient and proper address of the plaintiff. This occurred some time after plaintiff filed his 1956 return and before the Internal Revenue Service sent him notice of deficiency assessment relating to the year 1956.

While use of the address rendered incomplete by omission of the Route # 3 designation may have, and on occasion did result in delay, such use would not create confusion as to the identity of the taxpayer or his address or make delivery uncertain or impossible. In this instance, the incompletely addressed certified mail was sent on December 19, 1960, and delivery to the addressee was attempted the next day, notwithstanding the increased volume of mail during the pre-Christmas season.

The requirement of adding a route number to render plaintiff's address complete for purposes of the post office constitutes a minor addition in an otherwise

---

1. POD Publication 28, March 1961—How To Address Mail—Chapter 1, Part 123 —Addresses, subsection 123.1 General Information, paragraph .12:

"Mail for delivery through a city delivery post office must include in the address the street and number, or post office box number, or general delivery, or rural or star route designation. Mail for patrons on a rural route may be addressed to street names and numbers provided this type of address has been ap-

correct address. Use of the additional designation by one division of the Internal Revenue Service in connection with subsequent taxable years cannot be deemed knowledge by another division which consistently had used the formerly correct and complete address as it appeared on the tax return for the year in question without notification by plaintiff of the necessity for any change therein. Cf. Welch v. Schweitzer, 106 F.2d 885 (9th Cir. 1939), where the taxpayer had changed his address and the Internal Revenue Service had notice of the change in its dealings with the taxpayer in respect to the tax liability for which the deficiency notice was sent. See also Luhring v. Glotzbach, 304 F.2d 556, 559 (4th Cir. 1962).

■ Plaintiff's letter to the Internal Revenue Service dated December 15, 1960, did not serve to notify the Review Division of the desirability of adding the Route #3 designation to the statutory deficiency notice in issue. The time for giving said notice expired on December 31, 1960. The notice had been prepared by December 14, 1960, and was mailed on December 19, 1960. Plaintiff's letter related primarily to the payment of the final installment of his 1960 tax liability since a check therefor was enclosed. The Collection Division concerned with this transaction was already using the completed address which plaintiff requested the Service to observe. This is shown by the billing stub which apparently accompanied the check and which bears the Route #3 description.

It is doubtful that the various departments of the Internal Revenue Service, acting with all due diligence and promptness, could have routed the information furnished by plaintiff to all other departments, including the Review Division, which might have been concerned with

Mr. Firnhaber's prior tax liabilities, in time to notify said departments that Route #3 was a desirable component of plaintiff's address for purposes of the notice sent on December 19, 1960. Under these circumstances, plaintiff's letter may not be deemed to have apprised the Internal Revenue Service that the address as used on the deficiency notice was not plaintiff's complete last known address.

The addition of a rural route designation may be compared to the use of a zone number for cities using that system.[2] Both descriptions further identify the address and facilitate postal delivery. It could not be maintained that omission of a postal zone number from the address of a deficiency notice relating to an earlier taxable year would render the notice invalid as not being sent to taxpayer's last known address even though the Internal Revenue Service knew of the postal zone number and used it at the time of sending the deficiency notice but in connection with a subsequent year.

■ The notice, having been sent to the plaintiff's last known address within the meaning of the statute, is valid regardless of whether or not it was actually received by plaintiff. Luhring v. Glotzbach, 304 F.2d 556, 558 (4th Cir. 1962), and authorities there cited.

The sole issue in this case turns on the construction of the term "last known address" as used in the statute. The facts respecting the ability of the taxpayer to avail himself of other remedies to test the legality of the deficiency assessment are not of record and are not relevant to the issue presented.

It is the conclusion of the court that plaintiff has failed to meet the burden of showing that the statutory notice of deficiency was not sent to his last known address and has, therefore, failed to bring himself within the exception of the pro-

proved by the Regional Director. The rural route number or the words *Rural Delivery* should be used in such addresses."

2. POD Publication 28, March 1961–How To Address Mail—Chapter 1, Part 123—

Addresses, subsection 123.1 General Information, paragraph .14:
"Include the postal delivery zone number on mail addressed to cities using that system. * * *"

hibition of suits to restrain assessment or collection of any tax as provided in § 7421 of Title 26 U.S.C.A.

The foregoing opinion sets forth the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S. C.A.

The clerk is hereby directed to enter judgment for the defendants and against the plaintiff, dismissing the action, and for defendants' costs and disbursements herein.