LANGDON P. MARVIN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 397–63.   Filed September 18, 1963.

*Jules G. Korner III*, for the petitioner.
*Frederic S. Kramer*, for the respondent.

#### OPINION

TIETJENS, *Judge:* The matter is before us on a motion by the Commissioner to dismiss the case for lack of jurisdiction because the peti-

tion was filed January 25, 1963, more than 90 days after the mailing of the notice of deficiency. The petitioner also has a motion to dismiss. It is based on his contention that we lack jurisdiction because the notice of deficiency is invalid since it was not mailed to the petitioner's "last known address" as required by section 6212(b)(1) of the 1954 Code.

The notice of deficiency was for 1959 and 1960 and was mailed on October 25, 1962, to the petitioner at 901 Lexington Avenue, New York 21, N.Y., by certified mail. It was received by the petitioner on Monday, October 30, 1962. The petition was signed and verified by the petitioner on January 25, 1963. It states that "The petitioner is an individual with residence at 901 Lexington Avenue, New York City, New York."

The petitioner traveled frequently between New York City and Washington, D.C., during 1961 and 1962. He had a business address in Washington, D.C., in 1961 and 1962 at 132 Third Street SE. Printed letterheads used by him during this period indicated alternative addresses of "132 Third Street, S.E., Washington 3, D.C." and "901 Lexington Avenue, New York 21, New York." The petitioner lived almost continuously in New York in 1961. In the last half of 1962 he "was very much in Washington."

A letter from the petitioner dated October 19, 1962, to—

> Mr. Charles A. Church
> District Director of Internal Revenue Service
> P.O. Box 1706
> New York 17, N.Y.

was mailed on that date. It stated:

> With reference to your letter of September 12, 1962, please note that I am living in Washington and should be reached at the above address and telephone number.
>
> ["2000 P Street, N.W.
> Suite 711
> Washington 6, D.C.
> Federal 3-6380"]

The letter contained a request for an informal conference on suggested adjustments late in January and stated that with regard thereto taxpayer "would appreciate your office contacting me with a view to having an informal conference around the end of January. The cancelled checks and other papers are locked in the laults [sic] of the Library of Congress Annex and will not be available before then."

2000 P Street NW., suite 711, was an office and not living quarters. The petitioner borrowed apartments or stayed in hotel rooms around town.

As we view the situation the Commissioner's motion to dismiss for lack of jurisdiction must be granted. The petitioner does not contend

that the petition was filed within the required 90-day period (see secs. 6213(a) and 7502, 1954 Code), and we find no merit in the petitioner's argument that the notice of deficiency is invalid because it was not mailed to the petitioner's last known address. Indeed, as a practical matter, it would be difficult to ascertain what petitioner's address was at any particular time. For some time he used duplicate addresses on his letterheads. He was frequently between New York City and Washington and apparently had no permanent place of abode in Washington or New York. Even in his petition filed January 25, 1963, he states that his residence is 901 Lexington Avenue, New York City, N.Y. As a legal matter, however, the petitioner, by his own admission, without undue delay actually received the notice of deficiency, and delayed filing his petition within the ample time left to do so. The petitioner contends nevertheless that because he mailed a letter to the New York district director on October 19, 1962, which was a Thursday, stating that he was living in Washington, D.C., and that he should be reached there at 2000 P Street NW., a deficiency notice dated and mailed October 25, 1962 (the following Wednesday), is invalid. It would be difficult to hold for such a rule. Considering the immensity of the clerical and administrative handling of such advice (bearing in mind that the petitioner also had other matters before the Internal Revenue Service), we do not believe that for present purposes any address other than 901 Lexington Avenue, New York, N.Y., can be regarded as the petitioner's "last known address." The alleged notice of change in address contained in the letter of October 19, 1962, is at best equivocal. The main topic of that letter seems to be with reference to a proposed informal conference. Certainly the letter does not necessarily mean that henceforth the taxpayer's address would permanently be Washington, D.C. It could well mean that for purposes of a conference, Washington would be convenient because taxpayer could be reached there and the related checks, etc., were in Washington. There is little to indicate that taxpayer had given up his New York address and as a matter of fact the allegation of his petition indicates otherwise. The situation is no different in principal than a notice of a change of address given to the office of a district director in a district other than the one issuing the notice of deficiency. *Joseph Marcus*, 12 T.C. 1071; *Luhring* v. *Glotzbach*, 304 F. 2d 556 (C.A. 4). The administrative difficulties would be insurmountable. In truth, notice in such circumstances would hardly be notice to anyone. See *Clark's Estate* v. *Commissioner*, 173 F. 2d 13 (C.A. 2), affirming 10 T.C. 1107, on other grounds. If the presently postured situation was to be approved any taxpayer could give a notice of a change of address by mail a day or two before he anticipated the issuance of a notice of

deficiency and be reasonably sure that the notice would be an invalid one. See *Firnhaber* v. *Nelson*, 209 F. Supp. 777, 780.

For the reasons stated the petitioner's motion is denied, and the Commissioner's motion is granted.

The case is dismissed for lack of jurisdiction.