HARVEY L. MCCORMICK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 176–70SC. Filed October 26, 1970.

*Harvey L. McCormick*, pro se.
*Ferdinand J. Lotz III*, for the respondent.

FEATHERSTON, *Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was filed more than 90 days after the mailing of the notice of deficiency. See sec. 6213(a).[1] Harvey L. McCormick (hereinafter petitioner), a legal resident of Henrietta, N.Y., at the time the petition was filed, objects to respondent's motion, contending that the notice of deficiency was not mailed to his "last known address" in compliance with section 6212(b)(1). A decision in favor of petitioner will, in any event, result in dismissal of the suit for lack of jurisdiction because, under such a holding, there would be no valid notice of deficiency. *John W. Heaberlin*, 34 T.C. 58(16), acq. 1960–2 C.B. 5.

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

Analysis of the legal issue presented requires a careful segregation of the facts relating to two of petitioner's tax years on which officials of the Internal Revenue Service were working simultaneously—1966, the subject of the notice of deficiency, and 1967, a year for which petitioner owed delinquent taxes.

FINDINGS OF FACT

1. *1966.*—Petitioner filed his 1966 income tax return with the district director of internal revenue in Milwaukee, Wis., showing his address to be 1647 North Mayflower Court, Milwaukee, Wis. The return, filed on June 2, 1967, disclosed a tax liability in the amount of $232.63 but did not transmit any payment thereon. On July 14, 1967, this amount of tax, an addition to the tax, and interest were assessed.

The unpaid account was thereafter assigned to Revenue Officer Donald N. Holland (hereinafter Holland) for collection. Holland, employed in the collection division of the office of the district director of internal revenue in Milwaukee, communicated with petitioner in early November 1967 concerning the delinquent account, and petitioner paid the entire amount of the assessment during the latter part of that month.

In June 1968, petitioner's 1966 income tax return was selected for examination, and a letter was sent to him concerning the audit. On September 1, 1968, petitioner met with Office Auditor W. G. Klebenow, employed in the audit division of the office of the district director of internal revenue, Milwaukee, Wis., with regard to various items on the return. Sometime between January 24 and May 5, 1969, petitioner was notified by the audit division of proposed adjustments.

On April 1, 1969, petitioner opened post office box 3057 in Rochester, N.Y., where he had moved on or about that date. He paid rentals on April 1, July 2, October 2, and December 31, 1969, and on April 2, 1970, for the respective calendar quarters ended June 30, September 30, and December 31, 1969; and March 31 and June 30, 1970.

On May 5, 1969, the statutory notice of deficiency with respect to petitioner's audited 1966 return, was sent to him, addressed to 1647 N. Mayflower Court, Milwaukee, Wis. 53205. This notice was delivered at that address on the following day, and petitioner's former wife, without any authority to do so, signed a registered receipt therefor.

The 90-day period for filing a petition with this Court for a redetermination of the deficiency proposed in the notice of May 5, 1969, expired on August 3, 1969. No petition having been filed within the 90-day period, an assessment of the amounts set forth in the notice was made on September 26, 1969. A delinquent account was issued in Milwaukee with respect to this 1966 assessment, and was transferred

to the district director's office in Buffalo on November 28, 1969. This account was assigned to Revenue Officer James Melville (hereinafter Melville). On December 15, 1969, Melville contacted petitioner concerning the account. Petitioner informed Melville that he thought his 1966 account had been paid and requested time to check the records in Milwaukee. Subsequently, petitioner contacted Holland regarding the new assessment. On January 5, 1970, petitioner wrote to Melville stating that he had learned an assessment had been made for 1966 and that he was filing a petition to seek a redetermination thereof. On January 5, 1970, the petition was mailed to this Court, and respondent thereafter filed his motion to dismiss for lack of jurisdiction.

2. *1967.*—In September 1968, Holland met with petitioner to discuss with him a delinquent tax liability for 1967. The account was not settled, and on March 24, 1969, Holland attempted, but failed, to contact petitioner at his place of business in Milwaukee, again to discuss the matter. On March 28, Holland also unsuccessfully attempted to reach petitioner, and was informed by petitioner's secretary that he was out of town and would not return for approximately a week.

On April 2, 1969, Holland personally visited petitioner's Milwaukee business address and was told he was still away from the office. At that time Holland was paid a sum of money in partial satisfaction of petitioner's 1967 account. On April 7, 1969, Holland telephoned petitioner's business office and was informed by his secretary that he was still away and might not return before the end of April.

On April 15, 1969, Holland received an undated letter from petitioner which read:

U.S. TREASURY DEPARTMENT
INTERNAL REVENUE SERVICE
*U.S. Federal Building*
*517 East Wisconsin Avenue*
*Milwaukee, Wisconsin 53202*

Attention: Officer Donald N. Holland:

DEAR SIR:

I understand you asked me to call your office which I did, but you were out. I suppose it is about my tax. Send me a statement of all taxes due to:
     P. O. Box 3057
     Rochester, New York
I will be here for the next few months for sure.

HARVEY L. MCCORMICK

On May 7, 1969, Holland sent to the district director of internal revenue, Buffalo, N.Y., a letter requesting a followup with respect to petitioner's 1967 account. On or about May 29, 1969, this investigation was assigned to Melville in the Rochester office. Melville made telephone contact with petitioner at his place of employment in Rochester

concerning this 1967 account and communicated with petitioner on subsequent occasions up to the date of the trial.

## OPINION

Respondent has moved to dismiss this case for lack of jurisdiction on the ground that the petition was not filed within 90 days of the mailing of the notice of deficiency as required in section 6213(a).[2] Petitioner objects to respondent's motion, alleging that the notice of deficiency was not sent to his "last known address" within the meaning of section 6212(b)(1).[3] Petitioner alleges that his last known address was P.O. Box 3057, Rochester, N.Y., because, prior to the mailing of the notice of deficiency, he informed Officer Holland of the Milwaukee collection division that his address would be the post office box in Rochester for "the next few months for sure."

We are compelled to reject petitioner's argument. Petitioner sent the notice of his new address in Rochester to Holland in a communication dealing with petitioner's 1967 tax return. The notice, read in its context, only requested Holland to send any notices of taxes due on the 1967 return to that address. It did not indicate that petitioner had moved to Rochester permanently or for a definite period, or that he wished to have information with respect to all his tax matters sent there. The reports of the legislative committees dealing with the predecessors of section 6212(b) indicate "that the phrase 'last known address' of the taxpayer had reference to the last known permanent address or legal residence of the taxpayer, or the *last known temporary address of a definite duration* or period *to which all communications* during such period *should be sent.*" (Emphasis added.) *Gregory* v. *United States*, 57 F. Supp. 962, 973 (Ct. Cl. 1944).

This Court and others have consistently held that a taxpayer, who asserts that a notice of deficiency has been mailed to him at the wrong address, must show that he filed a clear and concise notification concerning a definite change of address. *Langdon P. Marvin, Jr.*, 40 T.C. 982 (1963). Clearly the statute does not place upon the Internal Revenue Service the "duty and responsibility of finding out before mail-

---

[2] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

[3] SEC. 6212. NOTICE OF DEFICIENCY.—

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES.—In the absence of notice to the Secretary or his delegate under section 6903 * * * notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

ing a deficiency notice whether the last known address * * * [as stated on the return] was a proper address, or whether or not a taxpayer was still at some temporary address of uncertain duration, and especially a temporary address which had been given for a definite and specific purpose which had already been accomplished." *Gregory* v. *United States, supra* at 973. Cf. also *Clark's Estate* v. *Commissioner,* 173 F. 2d 13 (C.A. 2, 1949), affirming 10 T.C. 1107 (1948).

Petitioner had been in communication with Officer Klebenow with reference to the audit of his 1966 return. Petitioner was aware that adjustments had been proposed; however, he never mentioned this to Officer Holland. In fact at no time prior to the mailing of the notice of deficiency did petitioner ever indicate that he wished all tax correspondence to be sent to his Rochester address.[4] In view of the vast administrative problems in maintaining records and files on income tax liabilities, the Internal Revenue Service could not be expected to have known that a deficiency notice for 1966 should be addressed to petitioner in Rochester.

Respondent's motion to dismiss is sustained.[5]

*An appropriate order will be entered.*

---

[4] In view of our decision that the change of address communicated to Officer Holland was not a permanent change within the meaning of the statute and that the notice pertained to only one specific request involving a different tax year, we find it unnecessary to determine whether a notice of a permanent change of address sent to a revenue officer of the collection division of the district director is chargeable to the personnel in the audit division.

[5] The dismissal of the petition for lack of jurisdiction in this Court will not, of course, deprive petitioner of his right to pay the disputed deficiency and file a suit for the refund thereof in the appropriate District Court or the Court of Claims.