FRANCES LOIS STEWART, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1579–70.  Filed October 29, 1970.

*Edward Sumner*, for the petitioner.
*Aleksandrs V. Laurins* and *Richard K. Seltzer*, for the respondent.

DRENNEN, *Judge:* Respondent filed a motion to dismiss the petition herein on the ground that the Court lacks jurisdiction because the petition was not timely filed. Petitioner filed an objection thereto and a hearing on the motion was held at which both parties introduced evidence in support of their positions. At the conclusion of the hearing both parties requested permission to file written memoranda and the Court took the motion under advisement.

FINDINGS OF FACT

Petitioner was a resident of California at the time the petition herein was filed. She filed Federal individual income tax returns for the years 1964 and 1965 with the district director of internal revenue at San Francisco, Calif.

On December 10, 1969, respondent mailed a notice of deficiency to petitioner in which he determined deficiencies in petitioner's income taxes for the years 1964 and 1965, and an addition to tax for the year 1965. The notice of deficiency was dated December 10, 1969, and was addressed to "Mrs. Frances Lois Stewart, 100—26th Avenue, Santa Cruz, California 95060." The envelope containing the notice of deficiency was sent by certified mail. Markings on the envelope indicate that several unsuccessful efforts were made to deliver it and that it

---

[5] The resulting tax liability would, of course, be greatly reduced or eliminated by the foreign tax credit under sec. 902.

was eventually forwarded to an address in Los Gatos, Calif. Petitioner received the notice of deficiency in Los Gatos either during the last few days of 1969 or early in January of 1970, and notified her attorney in Los Angeles of this fact.

A petition seeking a redetermination of the deficiencies in petitioner's income tax for the years 1964 and 1965 was filed in the United States Tax Court on March 16, 1970. The envelope in which the petition was received bore a clearly legible U.S. postmark dated March 13, 1970. The 90th day after the notice of deficiency was mailed to petitioner was Tuesday, March 10, 1970, which date was not a legal holiday in the District of Columbia.

Under date of February 15, 1968, the district director sent petitioner a copy of an examination report explaining adjustments to her tax liability for the years 1964 and 1965 (30-day letter). This was addressed to petitioner "c/o A. T. Hass, Jr., 41 Sutter Street, San Francisco, CA. 94104." [1] A protest to this 30-day letter was filed with the district director, San Francisco, on or about March 8, 1968. The protest was signed in behalf of petitioner by her attorney Edward Sumner, whose address was shown as Wilshire Boulevard, Beverly Hills, Calif. The reference at the top of the protest was to petitioner, c/o A. T. Hass, Jr., at his address; petitioner's verification was dated "March 8, 1968, at San Cruz, California".

A power of attorney, dated November 14, 1967, authorizing Edward Sumner to represent petitioner with respect to her 1964 and 1965 income taxes before the Internal Revenue Service and to file petitions in the Tax Court was filed on that date with Revenue Agent Fairchild in the San Jose office of the district director. This power of attorney gave petitioner's address as 100—26th Avenue, Santa Cruz, Calif. It directed that copies of communications to the taxpayer in connection with the above tax liabilities should be sent to Edward Sumner at the above-mentioned Wilshire Boulevard address in Beverly Hills.

A Treasury Department Form 872, consent extending the time for assessment of petitioner's 1964 income tax to December 31, 1969, was filed with the Internal Revenue Service, Chief Review Staff, San Francisco by Edward Sumner on February 21, 1968. The address shown for petitioner on this form was c/o A. T. Hass, Jr., at the San Francisco address. A similar Form 872 extending the period for assessment of petitioner's 1965 income tax was also filed with the Internal Revenue Service at San Francisco by Edward Sumner on

---

[1] Petitioner's tax returns were not offered in evidence. In his brief, respondent states that on her 1964 return the address was "c/o C. W. White, 1330 Broadway, Oakland, California" and on her 1965 return, the address was "c/o A. T. Hass, Jr., 41 Sutter Street, San Francisco, California." A. T. Hass, Jr., was an accountant who prepared petitioner's 1965 return.

April 28, 1969. Petitioner's address, as shown on this form was 100—26th Avenue, Santa Cruz, Calif.

After issuance of the 30-day letter but prior to the issuance of the notice of deficiency, petitioner's attorney Sumner had one or more conferences with Martin Schuetz, a conferee in the Appellate Branch of the Internal Revenue Service in San Francisco, concerning petitioner's taxes for 1964 and 1965. At one such conference held on or about April 28, 1969, Sumner mentioned to Schuetz that petitioner had remarried and was living in Los Gatos; however, Sumner did not give Schuetz petitioner's address in Los Gatos and no official notice of a change in petitioner's address to Los Gatos was filed with the Internal Revenue Service. No Los Gatos address for petitioner could be found in the Internal Revenue Service file for petitioner.

OPINION

Section 6213(a), I.R.C. 1954, provides: "Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." The time limitation for filing a petition in the Tax Court is jurisdictional; unless the petition is filed with the 90-day period provided in section 6213(a), the Tax Court has no jurisdiction in the case. *Mianus Realty Co.*, 50 T.C. 418; *Raymond S. August*, 54 T.C. 1535. A petition is normally considered filed with the Tax Court when it is received by the Court, *P. P. Leventis, Jr.*, 49 T.C. 353; however, if the petition is placed in an envelope properly addressed to the Tax Court which bears a U.S. postmark date which is within the 90-day period, the postmark date is accepted as the date of filing. Sec. 7502(a), I.R.C. 1954; *P. P. Leventis, Jr., supra*.

In her objection to respondent's motion to dismiss, petitioner offered evidence that the petition was placed in a U.S. mail box in Los Angeles on March 10, 1970, the 90th day after the mailing of the notice of deficiency, and claimed that this made the petition timely filed. However, it is clear that where reliance for timely filing is placed on a timely postmark date, and the date on the postmark is clearly legible, that date is presumed to be the date of mailing and date of filing of the petition. *Estate of Frank Everest Moffat*, 46 T.C. 499. Petitioner conceded this point at the hearing.

Petitioner does contend, however, that the notice of deficiency was not mailed to petitioner's "last known address," although she does not claim that this invalidates the notice of deficiency. Rather, she contends that the delay in petitioner's receipt of the notice of deficiency caused by this misdirection of the notice of deficiency should be added to the time within which she could file her petition, and that if this is done her

petition was timely filed. Petitioner cites *Rich* v. *Commissioner*, 250 F. 2d 170 (C.A. 5), and *Tenzer* v. *Commissioner*, 285 F. 2d 956 (C.A. 9), in support of this position. While there is some language in the *Rich* opinion which would seem to support petitioner's argument, neither case actually supports the proposition for which it is cited. In *Rich*, the petition was held untimely although it was delivered by the taxpayer-inmate of a Federal prison to a prison official for mailing to the Tax Court in ample time for it to have been received by the Court within the 90-day period had it been mailed promptly. In *Tenzer*, the notice of deficiency mailed to the taxpayer was not delivered and respondent made personal delivery of a copy of the notice to the taxpayer at a later date. The Court held that the mailing method of delivery had been abandoned by the Commissioner and personal delivery substituted, so the 90-day period started again when the copy of the notice was personally delivered to the taxpayer. See *Cohen* v. *United States*, 297 F. 2d 760 (C.A. 9).

In *Arlington Corp.* v. *Commissioner*, 183 F. 2d 448, also cited by petitioner, the Court of Appeals for the Fifth Circuit did add 1 day to the 90-day period because the notice of deficiency was incorrectly addressed and there was a delay in delivery, although the court also seemed to recognize, as does this Court, see *Harvey L. McCormick*, 55 T.C. 138, (1970), *Estate of Francis P. McKaig, Jr.*, 51 T.C. 331, and *John W. Heaberlin*, 34 T.C. 58, that if a notice of deficiency is not directed to a taxpayer at his "last known address" the notice is invalid and requires dismissal for lack of jurisdiction, although with a different result. See *DeWelles* v. *United States*, 378 F. 2d 37 (C.A. 9).

However, we need not get into the problem of whether the 90-day period can be extended where the notice of deficiency is sent to the wrong address, because we conclude that in this case respondent complied with the statute and mailed the notice to petitioner's "last known address."

As we said in *Harvey L. McCormick, supra:*

> This Court and others have consistently held that a taxpayer, who asserts that a notice of deficiency has been mailed to him at the wrong address, must show that he filed a clear and concise notification concerning a definite change of address. *Langdon P. Marvin, Jr.*, 40 T.C. 982 (1963).

Here, the only address respondent had in his files for petitioner herself was the Santa Cruz address to which the notice of deficiency was mailed. This was the address given for her in the power of attorney filed by her attorney; and it was the address given for her in the consent Form 872 filed by her for the year 1965. The last-mentioned document appears to have been the last document filed in petitioner's behalf prior to issuance of the notice of deficiency. We find that respondent was entitled to rely on these documents as stating petitioner's correct address.

242

Petitioner seems to claim that her "last known address" was a Los Gatos, Calif., address. However, there is no evidence that respondent was ever given this address. Petitioner's attorney testified that in his conference with Schuetz in April of 1969 he mentioned the fact that petitioner had remarried and lived in Los Gatos, but there is no evidence that respondent was officially notified of a change in address, or even informally advised of a street address in Los Gatos. The only other address for petitioner that respondent had in his files appears to have been the address of the accountant who prepared petitioner's returns. It seems highly doubtful that respondent would have been justified in sending the notice of deficiency to the accountant who, so far as the record shows, was not authorized to represent petitioner before the Internal Revenue Service, particularly where respondent had in his files an address for petitioner. Furthermore this is not a case, like *Estate of Francis P. McKaig, Jr., supra*, wherein respondent had any obligation to ascertain a correct address when a notice had been returned undelivered; so far as the record shows, respondent was not aware of the fact that the notice was not delivered to petitioner at the Santa Cruz address.

Petitioner did receive the notice of deficiency in ample time to file a petition in this Court within 90 days after the date on the notice of deficiency. Not having done so this Court is without jurisdiction to hear her case.

> *An appropriate order granting respondent's motion to dismiss for lack of jurisdiction will be entered.*