*Decision will be entered under Rule 50.*

CULVER M. BUDLONG AND ROSEMARY P. BUDLONG, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6359–70SC. Filed August 16, 1972.

*Culver M. Budlong,* pro se.
*David W. Winters,* for the respondent.

---

IRWIN, *Judge:* Respondent determined a deficiency in petitioners' income taxes for calendar year 1968 in the amount of $334.27. Respondent has filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition to this Court for redetermination of the deficiency was not timely filed by petitioners.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. These stipulated facts and the exhibits attached thereto are herein incorporated by this reference.

Petitioners' 1968 tax return showed their address as being 1617 Pershing Avenue, Louisville, Ky. On May 14, 1969, on their own initiative, petitioners notified the Louisville district director's office of the Internal Revenue Service of a change in their address to 31 Somerset Street, Withersfield, Conn. (the Withersfield address). Pursuant to this notification, an examination record card, Form 1247, was completed by respondent to record the address change and petitioners' file was transferred to the Hartford district director's office.

On or before April 15, 1970, petitioners filed their 1969 tax return with the IRS North-Atlantic Service Center in Andover, Mass. The address shown on this return was 11 Winding Lane, Enfield, Conn. (the Enfield address).

The North-Atlantic Service Center processes all returns for the districts comprising the North-Atlantic Region of the Internal Revenue Service. The Hartford district is within that region.

On May 5, 1970, the appellate division branch of the North-Atlantic Region located in New Haven, Conn., mailed a deficiency notice to petitioners' Somerset Street address in Withersfield. The deficiency notice related to petitioners' 1968 taxable year. This notice was received by petitioners no later than June 8, 1970.

The 90-day period running from the mailing of the deficiency notice expired on August 3, 1970. The petitioners mailed their petition to the Tax Court with respect to this deficiency notice on September 24, 1970, and such petition was filed at the Tax Court on September 28, 1970.

### OPINION

The question presented is whether an income tax return for a subsequent taxable year filed with an IRS regional service center prior to the issuance of a statutory deficiency notice is sufficient to notify respondent of a change in address.

Respondent here contends that his deficiency notice regarding 1968 was properly mailed to petitioners' "last known address," i.e., the Withersfield address, and that this Court lacks jurisdiction in the case because petitioners' petition was not filed in this Court within the prescribed period. Petitioners, contrariwise, assert that their "last known address" at the time of the mailing of the deficiency notice was the Enfield address shown on their 1969 return which was filed with the North-Atlantic Service Center no less than 20 days before the statutory notice was mailed. If petitioners' contention is held to be correct, the case would have a different frame of reference. Compare *Frances Lois Stewart*, 55 T.C. 238, 241 (1970), on appeal (C.A. 9, Jan. 29, 1971); *Estate of Francis P. McKaig, Jr.*, 51 T.C. 331, 335 (1968).

We find that respondent's notice of deficiency was indeed mailed to petitioners' "last known address" as of the date of the mailing and that petitioners' filing of their 1969 return was not the kind of notice sufficient to apprise respondent of their newest and second Connecticut address. Petitioners' did not file their petition in this Court in a timely fashion and hence respondent's motion to dismiss for lack of jurisdiction will be granted.

Section 6212(b)(1)[1] of the Code provides that respondent's notice of deficiency will be sufficient if mailed to taxpayer's "last known address." The "last known address" is the last known permanent address or legal residence of taxpayer or last known temporary address of a definite duration or period to which all communications during such period should be sent. *Harvey L. McCormick*, 55 T.C. 138 (1970); *Gregory v. United States*, 57 F. Supp. 962 (Ct. Cl. 1944). A taxpayer who asserts that a notice of deficiency has been mailed to him at the wrong address must show that he furnished respondent with a clear and concise notification concerning a definite change of address. *Harvey L. McCormick, supra; Langdon P. Marvin, Jr.*, 40 T.C. 982 (1963).

Petitioners here have not shown that they filed a clear and concise notification with respondent of their change of address from Withersfield to Enfield. Upon the occasion of their first move, from Louisville to Withersfield, they did notify the proper Internal Revenue Service officials of their address change. A similar apprisal on their move to Enfield would have properly alerted respondent to their most current Connecticut address.

Petitioners' filing of their 1969 return with the North-Atlantic Service Center is not sufficient notification to respondent. The service center does not have any responsibility with respect to the auditing of

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended.

returns or the issuing of statutory notices of deficiency. The service center provides the means for handling in an effective, administrative fashion the millions of returns to be filed with the district directors within its realm. The Code does not require a check with a service center for verification of the "last known address" of a taxpayer prior to the issuance of a statutory notice. At best, petitioners' filing of their 1969 return would, upon final processing, indicate to respondent that for the 1969 taxable year correspondence to petitioners should be directed to the address thereon.

As to the 1968 taxable year, to which the deficiency notice here related, the "last known address" of petitioners in respondent's hands was the Withersfield address. This address was evidenced in respondent's file by the examination record card completed upon petitioners' notification of their move from Louisville. No further, clear and concise notification was given. Respondent literally complied with the terms of section 6212(b)(1). The deficiency notice was not defective; it was clearly mailed to petitioners' "last known address" at the time of such mailing. Petitioners, had they properly advised their district director in Hartford of their second move, would have averted the risk inherent when the proper tax officials do not know an itinerant taxpayer's latest address. *Luhring* v. *Glotzbach*, 304 F. 2d 556, 558–559 (C.A. 4, 1962).

Section 6212(b)(1) provides a procedure which will ordinarily result in the taxpayer's receipt of the deficiency notice. *Floyd R. Clodfelter*, 57 T.C. 102 (1971); *Luhring* v. *Glotzbach, supra*. The objective of this procedure is "to inform the taxpayer that the Commissioner means to assess additional taxes against him, and to provide time for the taxpayer to petition this Court for a redetermination if he is so advised." *Ben Perlmutter*, 44 T.C. 382, 400 (1965), affd. 373 F. 2d 45 (C.A. 10, 1967). That time period within which such petition must be filed in this Court is 90 days subsequent to the mailing of the statutory notice to petitioner. Sec. 6213(a). The filing requirement is jurisdictional and a failure to file in a timely fashion prevents this Court from assuming jurisdiction in the case. *Vincent O. Nappi, Jr.*, 58 T.C. 282 (1972); *Jacob L. Rappaport*, 55 T.C. 709 (1971), affd. 456 F. 2d 1335 (C.A. 2, 1972); *Estate of Frank Everest Moffat*, 46 T.C. 499 (1966).

In this case at hand, with respondent's statutory notice of deficiency found sufficient and not defective as per section 6212(b)(1) of the Code, it becomes clear from the record that the filing requirement of section 6213(a) was not satisfied by petitioners. Their petition to the Tax Court was not filed until 56 days after the expiration of the 90-day deadline. This procrastination is further highlighted by the finding that, in any event, petitioners did receive the statutory notice of deficiency no later than June 8, 1970, leaving them 53 days to properly

file their petition in the Tax Court. This jurisdictional requirement has not been satisfied and hence respondent's motion to dismiss for lack of jurisdiction will be granted.[2]

> *An appropriate order will be entered granting respondent's motion to dismiss the petition.*

---

[2] The dismissal of the petition for lack of jurisdiction in this Court will not, of course, deprive petitioner of his right to pay the disputed deficiency and file a suit for the refund thereof in the appropriate District Court or the Court of Claims.

