RAUL G. ESCALERA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Escalera v. Commissioner
Docket No. 9711-77.
United States Tax Court
T.C. Memo 1979-307; 1979 Tax Ct. Memo LEXIS 214; 38 T.C.M. (CCH) 1194; T.C.M. (RIA) 79307; August 13, 1979, Filed Ruth Edry Salek, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion, filed April 30, 1979, to dismiss this case for lack of jurisdiction on the ground that the petition herein was not filed within the time prescribed by section 6213(a), Internal Revenue Code *215 of 1954. [1] Petitioner filed on May 25, 1979, a document entitled "Petition for Motion of Written Statement and Position and Dismissal for Lack of Jurisdiction." Petitioner asserts that the notice of deficiency was not mailed to him at his "last known address" as required by section 6212(b)(1). A hearing on the respective motions of the parties was held on June 11, 1979, in Los Angeles, California. The petitioner was not present but he filed a statement in lieu of attendance. Respondent's counsel appeared, offered the testimony of three witnesses, submitted two exhibits, and filed a memorandum of points and authorities. The pertinent facts may be summarized as follows: Petitioner, a previously convicted narcotics violator, was released from prison in late March 1973, and began residing at 615 Grace, Apt. D, Bakersfield, California. On or about August 10, 1973, he was again arrested for the possession and sale of narcotics and was placed in custody in the Bakersfield County Jail by the Kern County Sheriff's Office. At that time *216 he was contacted by revenue officers and $2,871 of his funds were impounded. On August 10, 1973, a termination letter for the year 1973, signed by F.S. Schmidt, District Director of Internal Revenue, Los Angeles, California, was mailed to petitioner at 615 Grace, Apt. D, Bakersfield, California 93305, the address given to the Internal Revenue Service by the United States Department of Justice, Bureau of Narcotics and Dangerous Drugs, in a Personal History Report dated July 12, 1973. Since the petitioner had filed no Federal income tax returns for the years 1971 and 1972, the Commissioner relied on the current address provided by the arresting agencies. The termination letter, bearing that address, and the immediate assessment were delivered in person to the petitioner at the Bakersfield County Jail by the revenue officers. Petitioner did not inform them that the address was incorrect, and he did not at that time, or at any future time, notify the Internal Revenue Service of any change of address. The statutory notice of deficiency covering the year 1973 was dated November 20, 1974, and was mailed to the petitioner at 615 Grace, Apt. D, Bakersfield, California. The notice determined *217 a deficiency of $84,733 for the year 1973 and an addition to tax under section 6651(a) of $20,965.50. The notice was returned to the Internal Revenue Service with the notation "Moved, left no add-ess." The 90-day period for filing a timely petition with this Court expired on February 18, 1975. A petition was filed with the Court on September 19, 1977, which was two years, nine months and thirty days after the notice of deficiency was mailed. It is therefore clear that the petition was not timely filed if respondent mailed the notice of deficiency to the petitioner's "last known address" under the provisions of section 6212(b)(1). Thus, the central issue here is whether the notice was sent to the last known address of the petitioner. Respondent contends that it was; and petitioner contends that it was not. We agree with the respondent. On this record we think the respondent has complied with the requirements of section 6212(b)(1) by properly mailing the deficiency notice to the petitioner's last known address. The law is succinctly stated in Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), as follows: Although the Code does not address itself *218 to that which constitutes a taxpayer's last known address, we have consistently held that the last known address is the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications. Daniel Lifter,59 T.C. 818, 820-821; Culver M. Budlong,58 T.C. 850, 852; Harvey L. McCormick,55 T.C. 138, 141. See Gregory v. United States,57 F. Supp. 962, 973 (Ct. Cl.). The relevant inquiry pertains to the Commissioner's knowledge rather than to what may in fact be the taxpayer's most current address in use. Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address. Cohen v. United States,297 F.2d 760, 773 (C.A. 9), certiorari denied 369 U.S. 865; Clark's Estate v. Commissioner,173 F.2d 13, 14 (C.A. 2), affirming 10 T.C. 1107; Gregory v. United States,57 F.Supp. 962, 973 (Ct. Cl.); Culver M. Budlong,58 T.C. 850, 852; *219 Harvey L. McCormick,55 T.C. 138, 141-142. And while the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address ( Arlington Corp. v. Commissioner,183 F.2d 448, 450 (C.A. 5), reversing a Memorandum Opinion of this Court; Maxfield v. Commissioner,153 F.2d 325, 326 (C.A. 9), reversing Tax Court order of dismissal), he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address. Luhring v. Glotzbach,304 F.2d 556, 558-559 (C.A. 4); Daniel Lifter,59 T.C. 818, 821; Culver M. Budlong,55 T.C. 238, 241; Harvey L. McCormick,55 T.C. 138, 141; Langdon P. Marvin, Jr.,40 T.C. 982, 984-985. "The last known address thus becomes a matter of proof in each case in which the question arises." Maxfield v. Commissioner,153 F.2d 325, 326 (C.A. 9). See also Cohen v. United States,297 F.2d 760, 772-773 (9th Cir. 1962), cert. denied 369 U.S. 865 (1962); *220 McCormick v. Commissioner,55 T.C. 138 (1970). There is no requirement that a notice of deficiency sent by certified mail must be actually received by the taxpayer. Cohen v. United States,supra at 772. And absent a designation by the taxpayer to the Commissioner that his address was at the jail or somewhere else, the Commissioner can treat his last residence as his address. This Court and others have consistently held that a taxpayer, who asserts that a notice of deficiency has been mailed to him at the wrong address, must show that he filed a clear and concise notification concerning a definite change of address. Marvin v. Commissioner,40 T.C. 982 (1963). Clearly the statute does not place upon the Internal Revenue Service the "duty and responsibility of finding out before mailing a deficiency notice whether the last known address * * * was a proper address, or whether or not a taxpayer was still at some temporary address of uncertain duration." Gregory v. United States,57 F.Supp. 962, 973 (Ct. Cl. 1944). Here we have a situation where the petitioner had an opportunity to inform the revenue officers that *221 615 Grace, Apt. D, shown on the termination letter was incorrect. He failed to do so. Under these circumstances we conclude that respondent exercised reasonable diligence in ascertaining the petitioner's correct last known address. Accordingly, we hold that the respondent mailed the notice of deficiency to petitioner at his last known address and satisfied the requirements of section 6212(b)(1). The deficiency notice so sent was valid. Petitioner failed to file his petition herein within 90 days of the date of such mailing, and, consequently, has not fulfilled the jurisdictional requirement of this Court. We must therefore grant the respondent's motion to dismiss the petition for lack of jurisdiction and deny the petitioner's motion. An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year 1973, unless otherwise indicated.↩