PAUL J. CLEVELAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cleveland v. Commissioner
Docket No. 455-80.
United States Tax Court
T.C. Memo 1981-29; 1981 Tax Ct. Memo LEXIS 713; 41 T.C.M. (CCH) 762; T.C.M. (RIA) 81029; January 27, 1981. *713 Respondent mailed the notice of deficiency to the address on petitioner's letterhead, which contained an erroneous zip code. Respondent had used this address for several previous letters which had all reached petitioner in due course. Petitioner never received the notice of deficiency and filed his petition approximately 3 years after issuance of the notice. Held, respondent reasonably relied upon the address communicated by petitioner and thus the notice of deficiency was sent to petitioner's last known address. Respondent's motion to dismiss for lack of jurisdiction is granted. Paul J. Cleveland, pro se. Ralph W. Jones, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: This matter comes before us on respondent's motion to dismiss for lack of jurisdiction on the grounds that the petition herein was filed after the 90-day period provided in section 6213. [1]
On November 12, 1976, respondent sent by certified mail a statutory notice of deficiency to petitioner for the taxable year 1973. The notice of deficiency was mailed to petitioner and his wife (who is not a *714 party herein) at the following address: 2032 Paramount Drive, Los Angeles, California 91206. The correct zip code for this address was 90068 and not 91206. The notice of deficiency was returned to respondent and on the envelope containing the notice were the following notations: "Returned to Sender, Addressee unknown, No such number." The zip code "91206" was circled and a large "X" was placed next to it. The address given by petitioner on his 1973 return was 3694 Barham Boulevard, Los Angeles, California 90068. Respondent thereafter was unable to locate petitioner and requested change of address information on petitioner from the Postal Service. In October 1974 the Postal Service notified respondent that petitioner's address was 2032 Paramount Drive, Los Angeles, California 90068. Through the remainder of 1974 and all of 1975 respondent corresponded with petitioner at the address respondent received from the Postal Service. Some time during 1976 respondent received a letter from petitioner, dated July 9, 1976, which bore the following letterhead: Paul J. Cleveland 2032 Paramont Drive Los Angeles, California 91206 The letterhead contained to errors: the street name was misspelled *715 and the zip code was erroneous. Petitioner had received the stationery with the erroneous letterhead as a gift from his wife. The letter expressed several disagreements petitioner had regarding respondent's audit report on petitioner and stated, inter alia, "From this point on, Intend to deal with you in writting [sic] ONLY. Let me know what information you require, and I will forward photostats to you." The letter closed as follows: "As outlined above, I will respond to your written requests by return mails. Please ask for Specifics, and be as clear as possible in your request for information. Sincerely, (s) Paul J. Cleveland" The zip code 91206 is located in the city of Glendale, an adjacent suburb of Los Angeles. After receiving the letter with the erroneous letterhead respondent corresponded with petitioner using the zip code 91206 (and the mistaken street spelling as well). A series of approximately six letters ensued between respondent and petitioner, each of respondent's letters to petitioner using the zip code 91206. Petitioner answered all of the letters from respondent to him which used that zip code. On November 12, 1976, as detailed above, the notice of deficiency *716 was mailed to petitioner. Petitioner filed his petition herein on January 10, 1980, more than 3 years after the notice of deficiency was mailed. Section 6212(a) authorizes the Secretary of the Treasury or his delegate to send a notice of deficiency to a taxpayer when it has been determined that a deficiency exists in the taxpayer's taxes. Section 6212 (b)(1) provides, with an exception not relevant herein, that the notice of deficiency shall be sufficient if mailed to the taxpayer at his "last known address." Within 90 days after the notice of deficiency (unless the notice is addressed to a person outside the United States) the taxpayer may file a petition with this Court for redetermination of the proposed deficiency. Section 6213(a). The foregoing provisions form the foundation of our jurisdiction over deficiency suits; the notices of deficiency provided for by section 6212(a) have been aptly described as "tickets to the Tax Court." Goodman v. Commissioner,71 T.C. 974, 976-977 (1979). We must decide whether the notice of deficiency in the instant case was mailed to petitioner's last known address, as that term is used in section 6212(b)(1). Neither section 6212(b)(1) nor the *717 regulations promulgated thereunder define what constitutes a taxpayer's last known address. A taxpayer's last known address is the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period shall be sent. Gregory v. United States,102 Ct. Cl. 642, 663, 57 F. Supp. 962, 973 (1944); McCormick v. Commissioner,55 T.C. 138, 141 (1970). It is the address to which, in light of all the surrounding facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent. Delman v. Commissioner,384 F.2d 929, 932 (3rd Cir. 1967), Looper v. Commissioner,73 T.C. 690, 696 (1980). Petitioner asserts that the notice was not sent to his last known address because of the use of an incorrect zip code. [2] Petitioner argues that he never notified respondent that he wished for further communications to be sent to the address used by respondent and thus that respondent mailed the notice of deficiency to an "unauthorized address." [3] Respondent contends that petitioner communicated the address to which the notice of deficiency was mailed by way of his letterhead *718 containing the erroneous zip code. Further proof that respondent's actions were reasonable, insists respondent, is that the stream of written communication between the parties continued unbroken despite respondent's use of the incorrect zip code. We agree with respondent. The instant situation is somewhat atypical in that respondent takes the position that petitioner notified him of a change in petitioner's address while petitioner argues that no such notification occurred. We faced a similar dispute in Looper v. Commissioner,supra. In Looper one of respondent's agents obtained *719 a college address from the petitioner in May 1975 to which the notice of deficiency was mailed in May 1978. In finding that the notice was not sent to Mr. Looper's last known address we emphasized the temporary nature of college addresses of individuals and the lack of clear notification from the taxpayer that he wished to have his college address used in lieu of all other addresses, supra at 697. A letterhead serves more than just an aesthetic purpose; it also conveys to the reader the identity and address of the writer. A letterhead thus also serves as a communication. In this case petitioner's letterhead communicated to respondent that his address was 2032 Paramont Drive, Los Angeles, California 91206. There was no indication tht such address was temporary. Indeed, the use of a letterhead is a statement that the address contained therein should be used in any response thereto. Respondent acted reasonably in using the address on petitioner's letterhead, particularly when one considers that petitioner responded to mail sent to that address prior to issuance of the notice of deficiency. Respondent mailed the notice of deficiency to petitioner's last known address, which is all *720 that section 6212(b)(1) requires. A notice of deficiency mailed to the taxpayer's last known address is valid even if the taxpayer never receives the notice. Lifter v. Commissioner,59 T.C. 818, 820-821 (1973). [4] The petition was untimely and accordingly we grant respondent's motion to dismiss for lack of jurisdiction.
An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner's objection to respondent's motion to dismiss for failure to file a timely petition suffices to raise the issue of whether respondent mailed the notice of deficiency to petitioner's last known address. See McCormick v. Commissioner,55 T.C. 138 (1970); Heaberlin v. Commissioner,34 T.C. 58↩ (1960). 3. In support of his contention that respondent was not authorized to send mail to any other address petitioner attached a number of documents to his brief. Statements in briefs do not constitute evidence and we cannot consider those documents herein. Rule 143(b), Tax Court Rules of Practice and Procedure.↩
4. Petitioner's argument that respondent's activities have denied petitioner due process of law is meritless. O'Brien v. Commissioner,62 T.C. 543, 547↩ (1974).