T.C. Memo. 2002-206

UNITED STATES TAX COURT

MICHAEL R. OLSEN AND SHEILA OLSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4950-02.                    Filed August 16, 2002.

Michael R. Olsen and Sheila Olsen, pro sese.

<u>Christian A. Speck</u> and <u>William A. Heard III</u>, for
respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion to Dismiss for Lack of Jurisdiction.
Respondent contends that this case should be dismissed on the
ground that the petition was not timely filed pursuant to section

6213(a) or section 7502.[1]  As discussed in detail below, we shall grant respondent's motion to dismiss.

Background

On February 28, 2001, petitioners commenced an action (the refund action) in the U.S. District Court for the Eastern District of California seeking tax refunds for 1997 and 1998. Although the record in this case does not include a complete copy of petitioners' complaint, it appears that the refund action was brought on the theory that petitioners were entitled to a credit carryforward that would result in overpayments for 1997 and 1998.

On May 1, 2001, respondent sent petitioners a notice of deficiency.  In the notice, respondent determined deficiencies in petitioners' Federal income taxes for 1997 and 1998 in the amounts of $1,138 and $889, respectively.  The deficiencies were attributable to respondent's disallowance of medical expenses and Schedule C deductions claimed by petitioners on their 1997 and 1998 income tax returns and respondent's determination that petitioners failed to report a State tax refund on their 1998 return.  The notice advised petitioners how they could contest respondent's deficiency determinations by filing a petition for redetermination with this Court.  In that regard, the notice further advised petitioners that "Last Day to File a Petition

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

With the United States Tax Court: JUL 30 2001".

On or about June 13, 2001, the United States moved to dismiss petitioners' refund action for lack of jurisdiction. On June 22, 2001, an Order and Findings and Recommendation was filed by a United States magistrate judge recommending that petitioners' refund action be dismissed for lack of jurisdiction. The Order and Findings and Recommendation concluded that the District Court lacked jurisdiction on the ground that petitioners could not be deemed to have paid the taxes that were the subject of their refund claim inasmuch as "approval of a credit from overpayment by the Internal Revenue Service is a prerequisite to filing suit for a refund under section 7422". See 26 U.S.C. sec. 7422(d) (1994). On January 31, 2002, the District Court filed an Order dismissing petitioners' refund action for lack of jurisdiction based on the prior Order and Findings and Recommendation of the magistrate judge.

On February 28, 2002, petitioners filed a petition for redetermination with this Court contesting the notice of deficiency dated May 1, 2001. The envelope in which the petition was mailed to the Court bears a U.S. Postal Service postmark date of February 12, 2002, and postmark place of Sacramento, California.

As indicated, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not timely

filed. Petitioners filed an objection to respondent's motion to dismiss asserting that their petition was timely filed following the District Court's dismissal of their refund action. Petitioners argue that they will not have any remedy if this Court dismisses their case. Respondent filed a reply to petitioners' objection.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss. There was no appearance by or on behalf of petitioners at the hearing, nor did petitioners file a statement pursuant to Rule 50(c), the provisions of which were explained in the Court's Order calendaring respondent's motion for hearing.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn,

has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a). Pursuant to section 7502(a), a timely mailed petition will be treated as though it were timely filed.

There is no dispute in this case that respondent mailed the notice of deficiency for 1997 and 1998 to petitioners on May 1, 2001. However, the petition in this case was not filed with the Court until February 28, 2002--10 months after the mailing of the notice of deficiency. Moreover, the envelope in which the petition was mailed to the Court bears a U.S. Postal Service postmark date of February 12, 2002. Under these circumstances, it follows that the petition was not filed within the 90-day period prescribed by section 6213(a).

Petitioners nonetheless contend that the petition should be considered timely filed on the theory that the period for filing a petition with this Court was tolled during the pendency of their refund action in the District Court. We disagree.

Simply put, there is no provision in the Internal Revenue Code that serves to toll the statutory period for filing a petition with this Court during the pendency of a refund action in a U.S. District Court or the Court of Federal Claims. To the contrary, section 7422(e), which establishes the procedures to be

followed where the Commissioner issues a notice of deficiency to a taxpayer who has a pending refund action, provides for the stay of the refund action and, where appropriate, the shifting of jurisdiction to the Tax Court.

Section 7422(e) provides in pertinent part as follows:

> SEC. 7422(e). Stay Of Proceedings.--If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Claims Court for the recovery of any income tax, estate tax, gift tax, or tax imposed by chapter 41, 42, 43, or 44 (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Claims Court, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene in the event of a suit as described in subsection (c) (relating to suits against officers or employees of the United States), within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired. * * *

Section 7422(e) does not provide for the tolling of the normal 90-day period during which a petition for redetermination is required to be filed with this Court under section 6213(a). Cf. sec. 6213(f)(1). The plain language of section 7422(e) indicates that, if the Commissioner issues a notice of deficiency to a taxpayer who has a pending refund action, the taxpayer must

invoke the jurisdiction of the Tax Court, if at all, by filing a petition for redetermination within the statutorily prescribed filing period. If the taxpayer files a timely petition with the Tax Court, the court with jurisdiction of the refund action "shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund." Sec. 7422(e); see sec. 6512(a) (prohibiting taxpayers from bringing suits for refund while simultaneously litigating the same taxable year in the Tax Court); see also sec. 6512(b)(1) (conferring jurisdiction on the Tax Court to determine overpayments in respect of a taxable year for which an action for redetermination has been commenced).

Because there is no provision for the tolling of the statutory period for filing a petition for redetermination with this Court under the circumstances presented in the present case, we shall grant respondent's motion to dismiss.

As a final matter, we observe that petitioners are not without a remedy. Although petitioners cannot pursue their case in this Court, they can still pay the taxes in question, file a claim for a refund with the Internal Revenue Service and, if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

To reflect the foregoing,

<u>An Order will be entered</u>

<u>granting respondent's Motion to</u>

<u>Dismiss for Lack of Jurisdiction.</u>