T.C. Summary Opinion 2002-119


UNITED STATES TAX COURT


RICHARD M. SCHAFER & DIANE M. WOOTEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7612-02S.          Filed September 16, 2002.


Richard M. Schafer and Diane M. Wooten, pro sese.

<u>Paul R. Zamolo</u> and <u>Melinda G. Williams</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed May 21, 2002. As explained in detail below, we shall grant respondent's motion to dismiss.

Background

On January 18, 2002, respondent mailed to petitioners a notice of deficiency. In the notice, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1999 in the amount of $4,564.00, and an accuracy-related penalty under section 6662(a) in the amount of $912.80.

On Monday, April 22, 2002, the Court received and filed petitioners' petition for redetermination in respect of the aforementioned notice of deficiency. At the time of filing the petition, petitioners resided in Rocklin, California. The petition was received in a United Parcel Service (UPS) "Next Day Air" envelope bearing tracking number 1Z 003 2XW 01 3045 5533. The mailing label on the envelope identified the sender as Mail Boxes Etc. of Rocklin, California.

As stated above, respondent filed a Motion to Dismiss for Lack of Jurisdiction. In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502. Respondent's motion states

that respondent contacted UPS by telephone, submitted the tracking number appearing on the envelope bearing the petition in this case, and was informed that the envelope was delivered to UPS on Friday, April 19, 2002.

On June 12, 2002, petitioners filed a Notice of Objection to respondent's motion. In their objection, petitioners assert that the petition should be deemed to have been timely filed on the ground the petition was delivered to Mail Boxes Etc. on April 18, 2002. Attached to petitioners' Notice of Objection is a Mail Boxes Etc. parcel shipping order which indicates that petitioners delivered the petition to Mail Boxes Etc. on April 18, 2002.

Pursuant to notice, respondent's motion to dismiss was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared and offered argument in support of respondent's motion to dismiss. During the hearing, respondent offered as an exhibit a document titled "Tracking Detail" that respondent obtained from UPS's internet web site. The document shows that the UPS item assigned tracking number 1Z 003 2XW 01 3045 5533 was delivered to UPS in Rocklin, California, at 2:34 p.m., on Friday, April 19, 2002.

There was no appearance at the hearing by or on behalf of petitioners. However, the Court conducted a telephone conference

call with the parties on July 30, 2002, at which time petitioners stated that they agreed with the facts as set forth above.

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency generally is sufficient if it is mailed to the taxpayer's last known address. See sec. 6212(b)(1). In turn, the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside the United States) from the date that the notice is mailed to file a petition for redetermination of the deficiency. See sec. 6213(a).

Section 7502, which sets forth the so-called timely mailing/timely filing rule, generally provides that, if a petition is filed with the Court after the expiration of the statutory 90-day filing period, it is nevertheless deemed to be timely filed if the date of the U.S. Postal Service postmark stamped on the envelope bearing the petition is on or before the last date for filing the petition. See sec. 7502(a)(1), (c)(2); sec. 301.7502-1, Proced. & Admin. Regs. Section 7502(f) provides

similar treatment with respect to petitions delivered to the
Court by a private delivery service (PDS) designated by the
Commissioner.

The Commissioner recognizes UPS Next Day Air as a designated
PDS within the meaning of section 7502(f).  See Notice 2001-62,
2001-40 I.R.B. 307.  Notice 97-26, 1997-1 C.B. 413, establishes
special rules to determine the date that will be treated as the
postmark date for purposes of section 7502.  Notice 97-26, 1997-1
C.B. at 414, states in pertinent part:

> SPECIAL RULES FOR DETERMINING POSTMARK DATE:  Section
> 7502(f)(2)(C) requires a PDS to either (1) record
> electronically to its data base (kept in the regular
> course of its business) the date on which an item was
> given to the PDS for delivery or (2) mark on the cover
> of the item the date on which an item was given to the
> PDS for delivery.  Under § 7502(f)(1), the date
> recorded or the date marked under § 7502(f)(2)(C) is
> treated as the postmark date for purpose of § 7502.
>
>   \*  \*  \*  \*  \*  \*  \*
>
> *Airborne, DHL, and UPS*
>
> The date on which an item is given to Airborne,
> DHL, or UPS is recorded electronically to the data base
> of these designated PDSs.  Accordingly, the date
> recorded in the electronic data base of these
> designated PDSs is treated as the postmark date for
> purposes of § 7502.
>
> For items that are delivered after their due
> dates, there is a presumption that the postmark date is
> the day that precedes the delivery date by an amount of
> time that equals the amount of time it would normally
> take for an item to be delivered under the terms of the
> specific type of delivery service used (*e.g.*, two days
> before the actual delivery date for a two day delivery
> service).  This presumption applies to items sent by

taxpayers and, in appropriate cases, items sent by the Government.

Taxpayers who wish to overcome this presumption will need to provide information that shows that the date recorded in the electronic data base is on or before the due date. For example, a taxpayer could obtain such information in the form of a written confirmation produced and issued by the designated PDS * * *.

As previously stated, respondent mailed the notice of deficiency to petitioners on January 18, 2002. Accordingly, the 90-day period for filing a timely petition with the Court expired on Thursday, April 18, 2002.

The petition was delivered to the Court by UPS Next Day Air on Monday, April 22, 2002. Consistent with Notice 97-26, 1997-1 C.B. at 414, a presumption arises that the postmark date for the petition was either Friday, April 19, 2002, or Saturday, April 20, 2002. This presumption is confirmed by the UPS tracking detail which states that the envelope bearing the petition was delivered to UPS on Friday, April 19, 2002. Petitioners have not presented any documentation to the contrary. In this regard, the Mail Boxes Etc. parcel shipping order that petitioners attached to their Notice of Objection shows only that petitioners delivered the petition to Mail Boxes Etc. on April 18, 2002. Mail Boxes Etc. is not a designated PDS and was simply acting as petitioners' agent in this matter. As the record shows that Mail Boxes Etc. delivered the petition to UPS on April 19, 2002, it follows that the petition was not filed with the Court within the

time prescribed in sections 6213(a) and 7502(a). Consequently, this matter must be dismissed for lack of jurisdiction.[1]

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered.</u>

---

[1]  Although petitioners cannot pursue their case in this Court, they are not without a judicial remedy. Specifically, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and, if their claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).