JAMES R. AND RUTH C. OWEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Owen v. Commissioner
Docket No. 6491-78.
United States Tax Court
T.C. Memo 1979-184; 1979 Tax Ct. Memo LEXIS 339; 38 T.C.M. (CCH) 767; T.C.M. (RIA) 79184; May 10, 1979, Filed James R. Owen, pro se. Eugene Wien, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This motion to dismiss for lack of jurisdiction was assigned to and heard by Special Trial Judge Daniel J. Dinan. The Court agrees with and adopts his opinion which is set forth below. [1]
*340 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This matter is before the Court on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed July 28, 1978. Respondent contends that the petition herein was not filed within the period prescribed by section 6213(a) of the Internal Revenue Code of 1954[2] and that, therefore, the Court lacks jurisdiction over the case. Respondent determined a deficiency in petitioners' federal income tax and addition to tax under section 6653(a) for the calendar year 1972 in the amounts of $3,995.23 and $199.76, respectively. On March 10, 1978, respondent mailed a notice of deficiency to petitioners by certified mail, addressed to Box 23920, Landenberg, Pennsylvania 19350. The 90-day period for timely filing the petition with this Court, beginning from the date the notice of deficiency was mailed, expired on Thursday, June 8, 1978, which date was not a legal holiday in the District of Columbia. The petition was filed with this Court on June 12, 1978, which date was 94 days from the *341 date of the mailing of the notice of deficiency. The foregoing facts are not in dispute. The petitioners, however, claim that the notice of deficiency was invalid since it was not mailed to their last known address as required by section 6212(b)(1) of the Code. On their 1972 federal income tax return, the petitioners listed their address as Box 23920, Landenberg, Pennsylvania 19350. At that time, the petitioners were receiving their mail at a rural delivery mail box located on a road within the Township of Landenberg but outside the development known as Foxbrook where they lived. The Post Office refers to such a mail box as an "out-of-bounds box." In May, 1973, a road that had been built in the Foxbrook development was dedicated by the Township of Landenberg and the Post Office commenced delivery of the petitioners' mail to a mail box located within the development of Foxbrook. The Post Office then redesignated the petitioners' mail box as R.D. #1, 4 Foxbrook. For the purpose of delivering the petitioners' mail, then, Box 23920 was the same as R.D. #1, 4 Foxbrook. At the hearing on the respondent's "Motion to Dismiss for Lack of Jurisdiction," the petitioners introduced *342 into evidence communications from the respondent's Collection Division and Taxpayer Assistance Section, dated as early as December 3, 1976, addressed to the petitioners at R.D. 1, Box 4, Landenberg, Pa., 19350. The petitioners contend, therefore, that the respondent was obviously notified of a change in their address. We disagree with the petitioners for a number of reasons. Section 6212(b)(1) provides for the delivery of a notice of deficiency to the taxpayer at his last known address so that he may petition this Court for a redetermination if that be his choice. Budlong v. Commissioner,58 T.C. 850, 853 (1972). An address is defined as "directions for delivery on the outside of an object (as a letter or package)", Webster's New Collegiate Dictionary, 1974 ed. At the hearing on the respondent's motion, Arthur Le Gar, the Postmaster from Landenberg, Pennsylvania, testified without contradiction that the petitioners lived on Reynard Drive but that was not their mailing address since the Landenberg Post Office, which is a rural post office, does not deliver to streets; at the time the notice of deficiency was mailed to the petitioners, mail would be delivered *343 to them without delay whether the address was listed as Box 23920 or R.D. #1, Box 4. The petitioners, therefore, had two addresses when the petition was mailed, both of which would effect the delivery of the mail to them at their residence on Reynard Drive without delay. The petitioners' contention that they had notified the respondent of a change of address as evidenced by the fact that the respondent addressed communications to them at R.D. #1, Box 4, as early as December 3, 1976, is not well taken. A taxpayer contending that a deficiency notice has been mailed to the wrong address has the burden of proving that he clearly and concisely notified the respondent of a definite change of address. Budlong v. Commissioner,supra. The fact that respondent's Collection Division and Taxpayer Assistance Section obtained the petitioners' R.D. #1, Box 4, address does not prove that his Audit Division also knew of that address. Kuebler v. Commissioner,T.C. Memo. 1979-95. The petitioners are also in error in stating that their current address is R.D. #1, Box 4. The Postmaster, Mr. Le Gar, again without contradiction, testified: "R.D. #4, 4 Foxbrook, *344 is the address of Mr. Owen, which is the same address as (Box) 23920 * * *. So, R.D. #1, Box #4, is someone earlier on the route." Finally, at the hearing on, the motion, the petitioners stipulated that Box 23920 and R.D. #1 $ Box 4, are addresses for the same box; they testified that they received their mail at Box 4, Foxbrook even if it was addressed to Box 23920 and they admitted that they received the notice of deficiency dated March 10, 1978, on March 17, 1978. The facts presented at the hearing on this motion clearly show that the notice of deficiency was valid. Since the petitioners did not file their petition within 90 days from the date the notice was mailed, this Court has no jurisdiction over the case. Respondent's motion will be granted. An appropriate order will be entered.
Footnotes
1. Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩