VICTOR J. and MAUREEN F. SERRA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Serra v. Commissioner
Docket No. 31818-83.
United States Tax Court
T.C. Memo 1984-270; 1984 Tax Ct. Memo LEXIS 407; 48 T.C.M. (CCH) 144; T.C.M. (RIA) 84270; May 21, 1984. Victor J. Serra, pro se. John S. Winkler, for respondent. CALDWELL
MEMORANDUM OPINION CALDWELL, Special Trial Judge: This case was assigned to and heard by Special Trial Judge Randolph F. Caldwell, Jr., pursuant to section 7456(c) of the Internal Revenue Code and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[1]
*408 This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed January 3, 1984, in Jacksonville, Florida. Respondent, who determined a $1,609 deficiency in petitioners' 1979 Federal income tax, contends that the petition herein was not filed within the period prescribed in section 6213(a). Petitioners resided in Homosassa, Florida, when they filed their petition in this case. They resided in North Bergen, New Jersey, when they filed their 1979 joint Federal return reflecting that address. In February 1980, petitioners moved from North Bergen to Homosassa. Beginning in the taxable year 1980, petitioners filed their Federal returns reflecting their Homosassa address. In mid-1982, respondent began conducting an examination of petitioners' 1979 return. On July 16, 1982, an appointment letter was sent by respondent to petitioners' North Bergen address and was returned undelivered. Subsequently, respondent attempted to determine petitioners' correct address by writing Mr. Serra's former employer; by writing the United States Post Office; and by making an internal request of its Audit Information Management System. All three inquiries yielded *409 the North Bergen address. On December 29, 1982, respondent mailed a statutory notice of deficiency for 1979 to petitioners at their North Bergen address. On July 4, 1983, a notice that the deficiency determined had been assessed and that payment was due was mailed to petitioners. On November 8, 1983, the petition was filed in this case. Section 6213(a) provides that if the notice is mailed to a taxpayer in the United States, he has 90 days after the mailing of the notice to file his petition with the Tax Court for redetermination of the deficiency. Section 6212(b)(1) states that a notice of deficiency shall be sufficient if mailed to the taxpayer at his "last known address." While respondent maintains that his motion to dismiss must be granted since the petition herein was not timely filed under section 6213(a), petitioners insist that the notice of deficiency was not valid because respondent failed to mail it to them at their "last known address" in Homosassa, Florida. We have defined a taxpayer's last known address as the last permanent address or legal residence of the taxpayer known to respondent or the last temporary address of a definite duration or period to which *410 the taxpayer has directed all communications during such period should be sent. Weinroth v. Commissioner,74 T.C. 430, 435 (1980). When a taxpayer asserts that the notice of deficiency has been mailed to the wrong address, he must establish that he furnished respondent with a clear and concise notification concerning a definite change of address. Budlong v. Commissioner,58 T.C. 850, 852 (1972); Rule 142(a). Until such notification, respondent is entitled to rely on the address shown on the taxpayer's return. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion, 538 F.2d 334 [unpublished order dated January, 12, 1976] (9th Cir. 1976). Petitioners did not file a clear and concise notification with respondent of their change in address from North Bergen to Homosassa. However, petitioners insist that the filing of their 1980, 1981, and 1982 returns reflecting their Homosassa address was adequate notice to respondent of their change of address. We have consistently held, however, that the more filing of a tax return for a subsequent taxable year prior to the issuance *411 of a statutory notice of deficiency with respect to an earlier year is not sufficient to notify respondent of a change of address. Budlong v. Commissioner,supra at 852-853.See also Mollet v. Commissioner, 82 T.C.     (filed April 18, 1984). Absent some clear and concise notification of petitioners' change of address, other than the mere filing of a subsequent return, respondent was entitled to rely on the address reflected on their 1979 return for purposes of mailing the notice of deficiency for 1979. [2]
Accordingly, since petitioners failed to file their petition within the time period prescribed in section 6213(a), respondent's motion to dismiss for lack of jurisdiction is granted. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rules references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., Young v. Commissioner,T.C. Memo. 1982-120↩.