SAYED J. HOUSSEIN AND ANNE T. HOUSSEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Houssein v. Commissioner
Docket No. 4146-79.
United States Tax Court
T.C. Memo 1987-584; 1987 Tax Ct. Memo LEXIS 587; 54 T.C.M. (CCH) 1157; T.C.M. (RIA) 87584; November 24, 1987. Williard A. Herbert and Gene M. Gardner, for the petitioners. Michael A. Menillo, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT: Judge: By notice of deficiency dated December 29, 1978, respondent *588 determined deficiencies of $ 6,317 and $ 26,535 in petitioners' income tax for the taxable years 1972 and 1973, respectively. The sole remaining issue for our decision is whether the statutory notice issued by respondent is sufficient to toll the statute of limitation. [1]
FINDINGS OF FACT Most of the facts have been stipulated; the stipulation of facts and attached exhibits thereto, are incorporated herein by reference. Petitioners, husband and wife, resided in New York, New York, at the time the petitioner herein was filed. They timely filed joint Federal income tax returns for taxable years 1972 and 1973 with the office of the Internal Revenue Service at Manhattan, New York. Petitioner's address, as shown on these income tax returns, was 414 Benedict Avenue, Apt. 3-H, Tarrytown, New York 10591. Petitioners executed five Forms 872 ("Consent Fixing Period Of Limitation Upon Assessment Of Income Tax"), dated March 11, 1976, January 27, 1977, March 28, 1977 and *589 July 18, 1977 (multiple forms), extending the period of limitation upon assessments of income tax for the taxable years 1972 and 1973, until December 31, 1978. Each of the Forms 872 reflected petitioners' address as Abbot Mews, Irvington, New York 10533 (the Abbot Mews address). During 1978, petitioners allegedly filed Form 4868 ("Application for Automatic Extension of Time to File U.S. Individual Income Tax Return") and a joint Federal income tax return for taxable year 1977. Copies of these documents, which are not signed or dated, reflect petitioners' address as 409 West 44th Street, New York, New York 10036 (the West 44th Street address). Petitioners invested in several limited partnerships, Silverton 1972, Silverton 1973 and Black Gold 1973. The 1977 Schedules K-1 "Partner's Share of Income, Credits, Deductions, etc." (K-1's) for Silverton 1972 and Black Gold 1973 show petitioners' address as 409 West 44th Street, while the K-1 for Silverton 1973 shows petitioners' address as Abbot Mews. Petitioners stipulated that other than the 1977 tax return, the application for extension, and the 1977 K-1's, neither they nor their representatives notified the District Director *590 of his representatives or their move to the West 44th Street address. On December 29, 1978, respondent sent petitioners a notice of deficiency by certified mail. The notice which was issued by the District Director's office at Manhattan, New York, was mailed to petitioners at their Abbott Mews address. Thereafter, on January 11, 1979, the statutory notice was returned by the United States Post Office to the District Director's office. The envelope containing said notice was stamped "authorized time for forwarding expired." On that same date, the District Director sent a "Request for Research" (Form 3774) to the Centralized Services Branch of the Internal Revenue Service requesting petitioners' latest address. The request for research was completed on February 2, 1979, and Form 3774 was returned to the District Director showing petitioners' new address as 409 West 44th Street, New YorkNew York 10036. Form 3774 bears the hand-written notation, "Oct. 78 Print, 409-W. 44th St., New York, N.Y. 10036." A copy of the statutory notice of deficiency which was sent to petitioners on December 29, 1978, at their Abbot Mews address was thereafter sent to petitioners at their West *591 44th Street address. Petitioners received the notice of deficiency on February 7, 1979. The following notice was included with this copy: Enclosed is the statutory notice we sent to you earlier by certified or registered mail as required by law. The Post Office returned the notice to us because they were unable to obtain a signed receipt when they tried to deliver it to you. We regret any inconvenience the delay may cause you, but the remailing of the notice does not extend the time you have for filing a petition with the United States Tax Court. The 90-day period began with the date indicated in the notice. If you do not file a petition with the Tax Court or contact us within the 90-day period, the law requires us to assess and bill you for the additional tax plus interest. On March 29, 1979, petitioners filed a petition with this Court, raising the statute of limitations as a defense. OPINION The issue for decision is whether a valid notice of deficiency was issued to petitioners within the three-year statute of limitations period provided in section 6501(a). [2] Specifically, we first must decide whether the notice of deficiency dated December 29, 1978, was mailed *592 to petitioners at their "last known address" as that phrase is used in section 6212(b)(1). If not, we must then decide whether an incorrectly addressed notice of deficiency which was subsequently remailed and received by petitioners, suspends the running of the statute of limitations. Section 6501(a) provides that the amount of any deficiency in income tax shall be assessed within three years after the return was filed. Section 6503(a) provides, however, that the running of the three-year period of limitations is suspended by "the mailing of a notice under section 6212(a)." Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail." Section 6212(b)(1) requires that such notice be mailed to the taxpayer's "last known address." Generally, the mailing of the notice to the taxpayer's "last known address" is sufficient whether or not the notice is received. Frieling v. Commissioner,81 T.C. 42 (1983). *593 Neither section 6212 nor the regulations promulgated thereunder define what constitute a taxpayer's "last known address." We have defined it as that person's "last known address." We have defined it as that person's "last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner,78 T.C. 215, 218 (1982). Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances, respondent reasonably believes the taxpayer wishes the notice to be sent. Brown v. Commissioner, supra at 218-219; Weinroth v. Commissioner,74 T.C. 430, 435 (1980). Although respondent must exercise reasonable diligence to ascertain a taxpayer's correct address, he is entitled to use the address appearing on the taxpayer's return for the year in issue unless he received a clear and concise notification from the taxpayer to use a different address or otherwise has actual knowledge that the address shown on the return has been replaced by a subsequent *594 address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374-375 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976), and cases therein; Frieling v. Commissioner, supra at 49. The burden is on respondent to mail a notice of deficiency to the taxpayer's last known address. Conversely, when a taxpayer asserts that the notice of deficiency has been mailed to the wrong address, he must establish that he furnished the Commissioner with a clear and concise notification concerning a definite change of address. Budlong v. Commissioner,58 T.C. 850, 852 (1972); Rule 142(a), Tax Court Rules of Practice and Procedure. Administrative realities require that the taxpayer bear the burden of keeping the Commissioner informed of the taxpayer's last and proper address. Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Petitioners, relying on the hand-written notation appearing on form 3774, claim that respondent had actual knowledge of petitioners' West 44th Street address as early as October of 1978. Petitioners further contend that respondent obtained knowledge of petitioners' new *595 address through their 1977 joint Federal income tax return which bears the West 44th Street address and because two of the returns filed by the partnerships also reflect the West 44th Street address. We reject petitioners' contentions. Although petitioners rely heavily on the notation set forth on Form 3774, we are not convinced that respondent had actual knowledge of petitioners' new address, 409 West 44th Street, prior to February 2, 1979, when the Form 3774 was returned to the District Director's office. See Alta Sierra Vista, Inc. v. Commissioner, supra (the relevant focus is on the Commissioner's knowledge rather than what in fact may have been the taxpayer's actual address in use). Further, petitioners stipulated that other than the filing of the application for extension, their 1977 tax return, and the 1977 K-1's, they did not provide respondent with notice of their new address. Despite petitioners' arguments to the contrary, this Court has consistently held that a change in address shown on a subsequent return does not, by itself, constitute clear and concise notice to the Commissioner of a new address. Weinroth v. Commissioner, supra; *596 Budlong v. Commissioner, supra.Nor do the K-1's, which were filed by their parties, provided sufficient notification of petitioners' change of address. We note that the K-1's for 1977 were inconsistent in that one listed petitioners' address as Abbot Mews, while the other two listed the West 44th Street address. We conclude that respondent exercised due diligence and reasonable care when he mailed petitioners their notice of deficiency to the Abbot Mews address. The Forms 872 provided respondent with actual notice of a subsequent address to which he reasonably believed petitioners wished the notice to be sent. By mailing the notice of deficiency to petitioners' last known address, respondent has done all that the law requires him to do. Therefore, the statutory period under section 6501 was tolled by the first mailing and is not affected by the subsequent remailing of the deficiency notice to petitioners. Because the notice of deficiency is valid, assessment of the deficiencies is not barred by the statute of limitations. To reflect the foregoing, as well as the stipulated settlement between the parties, Decision will be entered in due course in accordance *597 with the parties' stipulation.[3]
Footnotes
1. Pursuant to a stipulated settlement agreement, the parties have resolved the substantive issues relating to respondent's disallowance of deductions taken by petitioners in three limited partnerships involving turnkey drilling contracts. ↩
2. All section references refer to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue. ↩
3. See n. 1, supra.↩